UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT V. ROSSI, et al. :
:
Plaintiffs, :
:
Vs. : C.A. No.: 05-299S
:
GEM PLUMBING & HEATING CO., INC. :
:
Defendant. :

**DEFENDANT, GEM PLUMBING & HEATING CO., INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, TO ABSTAIN**

Defendant, Gem Plumbing & Heating Co., Inc. ("Defendant"), hereby moves this Honorable Court for entry of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) dismissing the Plaintiffs' Complaint on the grounds that (1) this Court does not have subject matter jurisdiction over Plaintiffs' claims, (2) Plaintiffs' claims are barred by the doctrines of *res judicata* and *collateral estoppel*, and (3) Plaintiffs fail to state a claim upon which relief may be granted. Alternatively, this Court should exercise its discretion to abstain from accepting jurisdiction of this matter, and dismiss Plaintiffs' Complaint. In support of its Motion, Defendant relies upon and incorporates by reference the accompanying Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings or, in the Alternative, To Abstain and Appendix To Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings or, in the Alternative, To Abstain, filed herewith.

Pursuant to L.R. Cv. 7(e), the undersigned respectfully requests oral argument on the instant motion and estimates that forty-five (45) minutes for each side is appropriate.

**WHEREFORE**, this Court should enter judgment in favor of Defendant dismissing all of Plaintiffs' claims or, alternatively, abstain from accepting jurisdiction and decline supplemental jurisdiction.

GEM PLUMBING & HEATING CO., INC.
Defendant,
By its Attorneys,

Theodore Orson, Esq. # 3871
Stephen J. Brouillard, Esq. # 6284
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
Tel. (401) 223-2100
Fax (401) 861-3103
Dated: 2-17-06

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2006, I caused a copy of the within to be served by first class mail, postage prepaid, on the following counsel of record:

Patrick Dougherty, Esq.
155 South Main Street, Suite 304
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI, et al. | : | |
| Plaintiffs, | : | |
| Vs. | : | C.A. No.: 05-299S |
| GEM PLUMBING & HEATING CO., INC. | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, TO ABSTAIN**

Defendant, Gem Plumbing & Heating Co., Inc., hereby submits this memorandum of law in support of its motion for entry of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, to abstain. Defendant seeks judgment in its favor and against Plaintiffs on the grounds that (1) this Court does not have subject matter jurisdiction over Plaintiffs' claims, (2) Plaintiffs' claims are barred by the doctrines of *res judicata* and *collateral estoppel*, and (3) Plaintiffs fail to state a claim upon which relief may be granted. In the alternative, and without prejudice to its afore-described Rule 12(c) motion, Defendant seeks an Order from this Court exercising its discretion to abstain from accepting jurisdiction over this matter.

**FACTUAL BACKGROUND**

In October 2001, Plaintiffs Robert V. Rossi and Linda A. Rossi (jointly, the "Rossis" or "Plaintiffs") contracted with Gem Plumbing & Heating Co., Inc. ("Gem"), to provide labor and materials required for water and sewer lines in connection with an office building that the Rossis were constructing in Smithfield, Rhode Island. Pursuant to R.I. Gen. Laws § 34-28-1, *et seq.*, (the "Original Mechanics' Lien Law"), on January 28, 2002, Gem's employee and inside general

counsel, Robert Levine, filed a notice of intention to do work on the Rossis' property. It is undisputed that Gem performed work on the premises.

As prescribed by the Original Mechanics' Lien Law, 120 days later, on May 28, 2002, Gem filed a Petition to Enforce the Mechanics' Lien in the Superior Court ("State Court Action"), claiming $35,500.00 in unpaid labor and materials. On June 4, 2002, in accordance with statutory procedure, the Rossis paid $35,500.00 into the Registry of Court as a lien substitute and obtained an *ex parte* Order to dissolve, release and discharge the mechanics' lien.

On August 29, 2002, the Rossis filed a Motion to Dismiss and Release Funds, alleging that Gem had failed to comply with the statutory procedures and further asserting that the Original Mechanics' Lien Law was unconstitutional on the grounds that it deprived them of their property without due process of law. A copy of the Motion to Dismiss and Release Funds is set forth as **Exhibit 1** to the Appendix To Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings or, in the Alternative, To Abstain, filed herewith (hereinafter, "**Appendix Exhibit** ").

The Superior Court, by written decision filed April 23, 2003, declared the Original Mechanics' Lien Law unconstitutional (the "Superior Court Decision"). See Superior Court Decision, **Appendix Exhibit 2**. Judgment was entered in favor of the Rossis, dismissing the action and ordering that the funds be released from the Registry of Court on May 30, 2003. Gem duly filed its notice of appeal on June 2, 2003. The Judgment was later stayed by Order of the Rhode Island Supreme Court. As a result, the funds deposited by the Rossis remain on deposit with the Registry of Court.

In reaction to the Superior Court Decision, the Rhode Island Legislature amended the Original Mechanics' Lien Law on July 17, 2003 (the "Amendment"), by adding § 34-28-17.1.

See Amendment, **Appendix Exhibit 3**. (The Original Mechanics' Lien Law, as amended, shall be hereinafter referred to as the "Amended Mechanics' Lien Law."). The Amendment had two distinct purposes. First, Section 34-28-17.1(1), as found at **Appendix Exhibit 3**, was an attempt by the Legislature to cure the due process deficiencies identified in the Superior Court Decision. Second, Rhode Island Public Laws 2003, ch. 299[1], quoted in its entirety in footnote 1 below, made the Amended Mechanics' Lien Law applicable to, among other things, "all mechanics' liens, petitions or lien substitutions" that were pending at the time the Amendment was enacted. See P.L. 2003, ch. 299, **Appendix Exhibit 4**.

After the passage of the Amendment, by Order dated September 16, 2003, the Rhode Island Supreme Court directed the parties to the appeal to address the applicability of the Amendment to the pending action and the constitutional issues raised therein. See Supreme Court Order dated 9/16/2003, **Appendix Exhibit 5**. In their brief in the State Court Action, the Rossis argued that the Amended Mechanics' Lien Law should not be applied retroactively to the Gem-Rossi dispute. See Rossis' Appellate Brief, at pp. 19-21, **Appendix Exhibit 6**. Arguments were heard by the Supreme Court on January 19, 2005.

After said argument, and apparently concerned that the Supreme Court was going to uphold the Amended Mechanics' Lien Law and declare it retroactive and applicable to the Gem-Rossi dispute, on January 27, 2005, the Rossis took a preemptive strike and collateral attack on the expected Rhode Island Supreme Court ruling by filing a civil action in this Court ("First Federal Court Action") seeking a declaration that "R.I. Gen Laws Section 34-28-1, the

---

[1] P.L. 2003, ch. 299, Section 2 provides:

> SECTION 2. This act shall take effect upon passage, and shall apply to all pending mechanics' liens under chapter 34-28 of "The Rhode Island Mechanics' Lien Law" as of the effective date of this act as well as all mechanics' liens, petitions or lien substitutions under Chapter 34-28 of the "Rhode Island Mechanics' Lien Law" filed after the effective date of this act.

Mechanics' Lien Law, [is] unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the Rhode Island Constitution." See Complaint (C.A. No. 05-032S), First Prayer for Relief, **Appendix Exhibit 7**.

Although Gem was not named as a defendant in the First Federal Court Action, Leonard P. Gemma ("Gemma") was named in his individual capacity and in his capacity as President of Gem. See Complaint (C.A. No. 05-032S), **Appendix Exhibit 7**. Robert J. Levine ("Levine") was also named as a defendant in that case in his individual capacity and in his capacity as general partner of Gemma and Levine. See Complaint (C.A. No. 05-032S), **Appendix Exhibit 7**.

On February 22, 2005 in the State Court Action, the Rhode Island Supreme Court reversed the Superior Court Decision and held, among other things, that the Amended Mechanics' Lien Law:

1) applies retroactively to the Gem-Rossi dispute; and
2) is constitutional under the United States Constitution and the Rhode Island Constitution.

See *Gem Plumbing & Heating Co, Inc. v. Rossi*, 867 A.2d 796 (R.I. 2005) (the "Supreme Court Decision"), **Appendix Exhibit 8**.

Addressing the retroactivity and applicability issues, the Rhode Island Supreme Court stated:

> Statutes are given retroactive effect only when the Legislature clearly expresses such an application. Section 34-28-17.1 applies, not only to all future mechanics' liens, but also to all pending "mechanics' liens, petitions or lien substitutions" as of July 17, 2003. P.L. 2003, ch. 269, § 2; P.L. 2003, ch. 299, § 2. This language clearly intends to apply § 34-28-17.1 both prospectively to future

> mechanics' liens and retrospectively to pending mechanics' liens. n7 **Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal**.
>
> ———
>
> n7 We disagree with the Rossis' contention that the lien no longer is pending because they paid $ 35,860 into the registry of the Superior Court and the lien was released. This argument ignores the Legislature's intent to apply G.L. 1956 § 34-28-17.1 to all pending "lien substitutions." That payment is merely a lien substitution.

See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 802, **Appendix Exhibit 8** (emphasis added).

The Rossis failed to exercise their right under Rhode Island Supreme Court Rule 25 to seek reargument of the Supreme Court Decision within the prescribed time period or to seek enlargement of that time period. As of the date of this Memorandum, the Rossis have not filed a Petition for Issuance of a Writ of Certiorari with the United States Supreme Court seeking review of the Rhode Island Supreme Court Decision.

On or about March 17, 2005, the Rossis amended their Complaint in the First Federal Court Action to add the Superior Court Clerk, Henry S. Kinch, Jr. ("Kinch"), as a defendant in that case.[2] See First Amended Complaint (C.A. No. 05-032S), **Appendix Exhibit 9**. In that case, Defendants Kinch, Gemma, and Levine each filed a Motion to Dismiss or, in the Alternative, to Abstain.

On or about July 6, 2005, the Rossis commenced this lawsuit ("Second Federal Court Action") solely against Gem and asked this Federal Court to declare the Amended Mechanics'

---

[2] The Rossis' collateral attack was no longer preemptive. Rather, it became a broadside attack on the Supreme Court Decision. Indeed, in order to prevail in that action, this Court would effectively have to reverse the Rhode Island Supreme Court's holding that the Amended Mechanics' Lien Law is constitutional under the United States and Rhode Island Constitutions and/or that the Amended Mechanics' Lien Law applies retroactively to the Gem-Rossi dispute.

Lien Law unconstitutional under the United States Constitution and the Rhode Island Constitution. See Complaint (05-299S), First Prayer For Relief, **Appendix Exhibit 10**. On or about December 12, 2005, Gem timely answered the Complaint in the Second Federal Court Action.

On January 12, 2006, United States Magistrate Judge, David L. Martin, issued a Report and Recommendation in the First Federal Court Action recommending that this Court grant the Defendants' Motions to Dismiss or, in the Alternative, to Abstain in C.A. No. 05-032S. See Report and Recommendation dated 1/12/2006, C.A. No. 05-032S, **Appendix Exhibit 11**.

Pursuant to this Court's January 12, 2006 Pretrial Order in the Second Federal Court Action, Gem files herewith its Motion for Judgment on the Pleadings or, in the Alternative, to Abstain. For the reasons set forth below as well as those contained in Magistrate Judge Martin's Report and Recommendation, this Court should grant Gem's motion *sub judice*.

## STANDARD OF REVIEW

"The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Moghaddam v. Dunkin Donuts, Inc.*, 295 F. Supp. 2d 136, 138-39 (1st Cir. 2003). "In considering a motion to dismiss, a court must take the allegations in the [non-moving party's pleading] as true and must make all reasonable inferences in favor of the [non-moving party]." *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)) (brackets not added). "The non-moving party's pleading 'should not be dismissed for failure to state a claim unless it appears beyond a doubt that [the non-moving party] can prove no set of facts in support of [its] claim which would entitle [it] to relief.' " *Id.* (quoting *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991)) (brackets not added). "**A court's inquiry is a limited one, focusing not on whether the plaintiff will**

**ultimately prevail but on whether the plaintiff should be entitled to offer evidence to support a claim.**" *Id.* (quoting *Canty v. Old Rochester Reg'l Sch. Dist.*, 54 F. Supp. 2d 66, 68 (D. Mass. 1999)) (emphasis added).

Defendant asserts that a judgment of dismissal must be entered pursuant to Fed. R. Civ. P. 12(c) on the grounds that under the so-called "*Rooker-Feldman* Doctrine," the United States District Court lacks subject-matter jurisdiction to review claims actually decided by a state court or claims "inextricably intertwined" with a state court judgment. See *infra* Part I.

In determining subject-matter jurisdiction for purposes of a Rule 12(c), a court is not limited to the face of the pleadings. Rather, "a court may consider any evidence it deems necessary to settle the jurisdictional question." *Palazzolo v. Ruggiano*, 993 F. Supp. 45, 46 (D.R.I. 1998) (citing to *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)). It is the Plaintiffs' burden to prove the existence of subject-matter jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Once it becomes apparent that the court lacks jurisdiction over the subject matter, the District Court is required to dismiss the action in accordance with Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Defendant also seeks dismissal of this action under Rule 12(c) on the grounds that Plaintiffs fail to state a claim upon which relief may be granted. A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle them to relief. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). However, the pleadings requirements, though "minimal," are not "nonexistent." *Id.* A plaintiff must set forth factual allegations regarding each material element necessary to sustain recovery under some actionable legal theory. *Id.* "A complaint which consists of conclusory

allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2nd Cir. 1996).

## ARGUMENT

### I. THE UNITED STATES DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS UNDER THE *ROOKER-FELDMAN* DOCTRINE

In the Supreme Court Decision, the Rhode Island Supreme Court held that the Amended Mechanics' Lien Law was constitutional under both the United States and the Rhode Island constitutions. The Court reviewed the relevant federal and state precedents and concluded that the statutory procedures, as enacted by the Rhode Island Legislature, complied with rules governing procedural due process. See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 818, **Appendix Exhibit 8**. The Rhode Island Supreme Court also held that the Amended Mechanics' Lien Law applied retroactively to the Gem-Rossi dispute. See *Id.* at 801, **Appendix Exhibit 8**.

Plaintiffs seek damages in this case pursuant to 42 U.S.C. § 1983 for alleged violations of procedural due process, based upon factual allegations nearly identical to those alleged in their Motion to Dismiss and Release Funds filed in the State Court Action. See **Appendix Exhibit 1**. Specifically, Plaintiffs are requesting that this Court "Declare the version of R.I. Gen. Laws § 34-28-1 et seq., the Mechanics' Lien Law in effect at the relevant time, unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 2 of the Rhode Island Constitution." See Complaint (05-299S), First Prayer For Relief, **Appendix Exhibit 10**.

In order for Plaintiffs to prevail on their claims in this case, this Court would have to rule that the Rhode Island Supreme Court erred in its rulings regarding the constitutionality and/or

retroactivity of the Amended Mechanics' Lien Law. Under the so-called "*Rooker-Feldman* Doctrine," developed by the United States Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983), the United States District Court is jurisdictionally barred from doing so. In *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206 (D.R.I. 2002), Senior District Judge Ronald R. Lagueux stated:

> The *Rooker-Feldman* doctrine is a basic principle of subject-matter jurisdiction that federal district courts should not serve as appellate courts to state courts. The only appropriate federal appellate court to a state court is the United States Supreme Court. Therefore, a federal court should not review issues already determined by a state court.

*Id.* at 214. See also *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d 169 (D.R.I. 2003) (Smith, J.) (dismissing claim based upon *Rooker-Feldman* doctrine); *Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995).

The *Rooker-Feldman* doctrine applies even though a state court judgment may have been erroneous. See *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986). Thus, even if the Rhode Island Supreme Court erred in the Supreme Court Decision, those errors would not alter this Court's lack of subject-matter jurisdiction.

The *Rooker-Feldman* doctrine also applies "whether or not the federal and state causes of action are technically the same for purposes of claim preclusion, or whether all of the familiar conditions for issue preclusion are met." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (citations omitted).

Two categories of claims are barred from the District Court's jurisdiction by the *Rooker-Feldman* doctrine: 1) claims actually decided by the state court, and 2) claims "inextricably intertwined" with a state court judgment. See *Pittsburg County Rural Water Dist. No. 7 v. City*

*of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004); *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d 169.

> [T]he federal claim is "inextricably intertwined" with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court-judgment.

*Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 23, 107 S. Ct. 1519 (1987) (Marshall, J., Concurring)). It is not necessary that a plaintiff in a federal action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate the state judgment. See *Mandel v. Town of Orleans*, 326 F.3d at 271. Even if a claim were not presented to a state court, the *Rooker-Feldman* doctrine forecloses lower federal court jurisdiction over claims that are 'inextricably intertwined' with the claims adjudicated in state court. See *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d at 171. Thus, "[i]nextricably intertwined is defined as a situation where the federal claim can only succeed if the state court claim fails. In other words, the federal court would have to reverse the state court for the federal claim to prevail." *Id.* at 171-172.

This lack of jurisdiction is not altered by Plaintiffs' claims that the state judgment is unconstitutional, see *Schneider v. Colegio de Aboados de Puerto Rico*, 917 F.2d 620, 628 (1st Cir. 1990) ("It is well-established that lower federal courts have no jurisdiction to hear appeals from state court decisions, even if the state judgment is challenged as unconstitutional."), or by Plaintiffs' claims that their constitutional rights were violated in the state proceeding, see *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 944, 947 (5th Cir. 1994). See also *Morey v. State*

*of Rhode Island*, 359 F. Supp. 2d 71, 76-77 (D.R.I. 2005) (Martin, Magistrate J.) (Report and Recommendation accepted and adopted by Lagueux, J.).

The First Circuit has recognized that despite the general rule of federal court jurisdiction over Section 1983 claims, "the most important exception is that federal courts do not have jurisdiction pursuant to Section 1983 to review the judgments and decisions of state courts." *Hill v. Town of Conway*, 193 F.3d at 39 (dismissing Section 1983 claims alleging unconstitutional taking, where state court had determined that plaintiffs were not entitled to damages after property was taken for use as a town road). See also *Picard v. Members of the Employee Ret. Bd.*, 275 F.3d 139, 145 (1st Cir. 2001) (applying *Rooker-Feldman* in dismissing constitutional claims brought pursuant to Section 1983.)

As previously indicated, in order for Plaintiffs to prevail in the instant matter, this Court must rule that the Rhode Island Supreme Court erred in its determination regarding the constitutionality, retroactivity and/or applicability of the Amended Mechanics' Lien Law. However, under *Rooker-Feldman*, this Court is without subject-matter jurisdiction to make any of those determinations because to do so would require the Court to review claims actually decided by the Rhode Island Supreme Court, or, at minimum, to review claims "inextricably intertwined" with the Supreme Court Decision.[3]

While Plaintiffs may be displeased with the Supreme Court Decision, their attempt to circumvent the state court appeal process by collateral attack in Federal Court is not the answer.

---

[3] The *Rooker-Feldman* doctrine subsumes principles of res judicata and collateral estoppel. See *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d at 173. Nevertheless, it should be noted that the principles of collateral estoppel (or issue preclusion) clearly bar the District Court's reconsideration of the issues of the constitutionality and retroactivity of the Amended Mechanics' Lien Law which have already been finally adjudicated by the Rhode Island Supreme Court. See *State v. Werner*, 865 A.2d 1049 (R.I. 2005); *Wiggins v. State of Rhode Island*, 326 F. Supp. 2d 297, 303-305 (D.R.I. 2004); *Griffin v. State of Rhode Island*, 760 F.2d 359 (1st Cir. 1985) (principles of state preclusion law apply to actions under Section 1983).

Plaintiffs could have sought reargument in the State Court Action under Rule 25 of the Rhode Island Supreme Court Rules, but are now time-barred from doing so.

However, even now, Plaintiffs have a Federal forum to request review of the Supreme Court Decision: the United States Supreme Court by Petition for Writ of Certiorari.

> If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d at 172.

Plaintiffs' collateral attack on the Supreme Court Decision is jurisdictionally barred under *Rooker-Feldman*. Accordingly, Plaintiffs' Complaint in this case must be dismissed. See Fed. R. Civ. P. 12(h)(3); *Muratore v. Darr*, 375 F.3d 140, 148 (1st Cir. 2004) (district court required to dismiss action over which it lacks subject-matter jurisdiction).

In the First Federal Court Action, the Rossis argued that the *Rooker-Feldman* doctrine did not deprive this Federal Court of subject-matter jurisdiction over the claims asserted by them in that case. In Rossis' view, the issues addressed by the Rhode Island Supreme Court in the Supreme Court Decision were limited to the constitutionality of the Original Mechanics' Lien Law and the Amended Mechanics' Lien Law. The Rossis were correct that the Rhode Island Supreme Court determined that the Amended Mechanics' Lien Law, with its newly-enacted due process safeguards, was constitutional. The Rossis were also correct that when Gem recorded its mechanics' lien against Rossis' property, and then when Rossis paid the amount of the mechanics' lien into the Registry of Court as a "lien substitute," the Original Mechanics' Lien Law, not the Amended Mechanics' Lien Law, was in effect. Therefore, according to Rossis, the

Supreme Court Decision was simply inapplicable to their First Federal Court Action. Presumably, Rossis will make this same argument in this case.

This argument fails, however, because the Rossis wholly ignored the other critical holding in the Supreme Court Decision: *that under the so-called "retrospectivity provision" of the Amended Mechanics' Lien Law, the Amended Mechanics' Lien Law must be applied retrospectively to all pending liens and lien substitutions, including Rossis' lien substitution.* See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 802, **Appendix Exhibit 8** (holding quoted in full at pp. 4-5 *infra*).

This retrospectivity precedent was immediately followed by the Rhode Island Supreme Court in a companion case, *F.C.C. Inc. v. Reuter*, 867 A.2d 819 (R.I. 2005) ("*F.C.C.*"), decided on the same day as the Supreme Court Decision. In *F.C.C.*, a contractor recorded a mechanics' lien against residential property before the enactment of the Amended Mechanics' Lien Law. After the enactment of the Amended Mechanics' Lien Law, a Superior Court Justice granted the owners summary judgment against the contractor based on Judge Silverstein's ruling that the Original Mechanics' Lien Law was unconstitutional. The Superior Court Justice made no reference to the newly-enacted Amended Mechanics' Lien Law. The Supreme Court reversed the Superior Court's decision on the grounds that the Amended Mechanics' Lien Law is constitutional and must be applied retrospectively.

> In July 2003, the Rhode Island Legislature enacted § 34-28-17.1, which provides an opportunity for an immediate hearing before the Superior Court to show cause why the lien is invalid. Although the events giving rise to the matter before the Court took place in 1999, well before the enactment of § 34-28-17.1, the amendment became effective two months before the hearing at which summary judgment was granted. Although the trial justice made no reference to the newly amended law, its enactment is important to us. As we have just articulated in our Gem Plumbing opinion, when the law changes while a case is pending appeal, we will apply the law in

> effect at the time of the appeal, particularly when the Legislature has indicated that a statutory provision is to have retroactive effect. See generally Solas v. Emergency Hiring Council of Rhode Island, 774 A.2d 820, 826 (R.I. 2001); Dunbar v. Tammelleo, 673 A.2d 1063, 1067 (R.I. 1996); O'Reilly v. Town of Glocester, 621 A.2d 697, 704-05 (R.I. 1993). We note in the instant case the retroactive aspect of § 34-28-17.1. Under P.L.2003 ch. 269, § 2, § 34-28-17.1 took effect upon passage, and applied to all pending mechanics' liens. Thus, for the purposes of this appeal, we shall consider the constitutionality of the amended mechanics' lien statute, specifically including § 34-28-17.1.

*F.C.C., Inc. v. Reuter*, 867 A.2d 819, 822 (R.I. 2005).

Thus, under the Supreme Court Decision and *F.C.C.*, the Amended Mechanics' Lien Law is constitutional and must be applied retrospectively in connection with the lien substitution challenged by Rossis. Accordingly, the Rossis cannot prevail on their Federal Court claims unless this Court determines that the Rhode Island Supreme Court's retrospectivity holding was erroneous. Consideration of this issue, however, is barred under *Rooker-Feldman* because the doctrine deprives Federal Courts of subject-matter jurisdiction to even consider whether a state court ruling was correctly decided. See *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003); *Morey v. State of Rhode Island*, 359 F. Supp. 2d 71 (D.R.I. 2005).[4] Under *Rooker-Feldman*, the Rossis' attack on the Supreme Court retrospectivity holding must occur elsewhere.

While this forum is not available for Rossis to press their attack on the Supreme Court's retrospectivity holding, the Rossis can seek redress in two ways. The Rossis can file a Petition for Issuance of a Writ of Certiorari to the United States Supreme Court to seek review of the Supreme Court Decision. Alternatively, the Rossis can challenge the substantive merits of the

[4] While this Court is without subject-matter jurisdiction to consider whether the Rhode Island Supreme Court retrospectivity holding was correct or incorrect, by this District Court's own precedent, the Rhode Island Supreme Court *ipso facto* must have been correct because "Rhode Island's retroactivity principles, not those of federal law, dictate whether [a Rhode Island statute] should be given retroactive effect." *Maturi v. McLaughlin Research Corp.*, 326 F. Supp. 2d 313 n.7 (D.R.I. 2004) (Smith, J.). In circular, but unimpeachable reasoning, the Rhode Island Supreme Court's ruling is *ipso facto* correct because the Rhode Island Supreme Court is the final arbiter of Rhode Island law.

claims of Gem in the pending State Court Action. Either way, judgment must be entered in this case dismissing the Plaintiffs' Complaint.

Defendant acknowledges that the application of the *Rooker-Feldman* doctrine was altered in 2005 by *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517 (2005) and *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17 (1st Cir. 2005) ("*Federacion*"). These cases limited the *Rooker-Feldman* doctrine's application to cases where the state court action was concluded prior to the commencement of the federal court action. However, this limitation has no effect on the instant litigation.

In *Federacion*, the First Circuit Court of Appeals stated in pertinent part:

> If federal litigation is initiated **before** state proceedings have ended, then -- even if the federal plaintiff expects to lose in state court and hopes to win in federal court -- the litigation is parallel, and the *Rooker-Feldman* doctrine does not deprive the court of jurisdiction. On the other hand, if federal litigation is initiated **after** state proceedings have ended, and the plaintiff implicitly or explicitly "seeks review and rejection of [the state] judgment," then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under *Rooker-Feldman*, the federal courts lack jurisdiction.

*Federacion*, 410 F.3d at 24 (brackets not added) (emphasis added). Where, as here, the federal litigation is initiated after the state proceedings have concluded, the federal suit constitutes an impermissible appeal of the state court proceedings to which this Court lacks subject-matter jurisdiction.

The First Circuit provided further guidance by defining when state court proceedings will be deemed to have "ended" for purposes of *Rooker-Feldman*. *Id.* at 24-25. "[I]f the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state court

proceedings have 'ended' within the meaning of *Rooker-Feldman* on the federal questions at issue." *Id.* at 25. Here, the Rhode Island Supreme Court issued its decision on February 22, 2005 (more than four months before this action was filed) deciding and finally resolving all the federal questions in the litigation. See Supreme Court Decision, **Appendix Exhibit 8**.

The Plaintiffs' action is "precisely the type barred by the *Rooker-Feldman* doctrine," because "Plaintiffs are state court losers as to their claim that the money in the Registry should be returned to them immediately with accrued interest." Report and Recommendation, at 14, **Appendix Exhibit 11**. Therefore, the *Rooker-Feldman* doctrine operates to bar this Court from exercising subject-matter jurisdiction over the Rossis' claims in this case.

## II. PLAINTIFFS ARE COLLATERALLY ESTOPPED FROM RELITIGATING THE RHODE ISLAND SUPREME COURT RULINGS THAT THE AMENDED MECHANICS' LIEN LAW IS CONSTITUTIONAL AND RETROACTIVE

The Supreme Court Decision held that the Amended Mechanics' Lien Law (i) is constitutional under the United States Constitution and the Rhode Island Constitution, and (ii) must be applied retroactively to the mechanics' lien recorded by Gem (jointly, the "Principal Legal Rulings"). In other words, the Supreme Court determined that, as a matter of retroactivity law, there were no United States nor Rhode Island constitutional violations caused by Gem in connection with its mechanics' lien.[5]

The Rossis cannot prevail on their claims in this action if the Principal Legal Rulings are binding on this Court. The Principal Legal Rulings are binding on this Court under the doctrine of collateral estoppel, sometimes also referred to as "issue preclusion."

### A. Collateral Estoppel Defined

*Allen v. McCurry*, 449 U.S. 90 (1980) ("*Allen*"), is the leading case on the issue whether a state court ruling on a legal or factual issue against a party precludes re-litigation of the same

[5] The Rhode Island Supreme Court came to the same conclusion in the companion case: F.C.C. Inc. v. Reuter, 867 A.2d 819 (R.I. 2005).

legal or factual issue when that party asserts § 1983 claims in federal court. In *Allen*, the United States Supreme Court explained that "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in suit on a different cause of action involving a party to the first case." *Id.* at 94.

The *Allen* Court explained that the statutory basis for collateral estoppel is found in the third paragraph of 28 U.S.C. § 1738, which provides in pertinent part:

> [Judicial] proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . .

*Allen*, 449 U.S. at 96 (quoting 28 U. S. C. § 1738).

"In determining whether a state court decision has a preclusive effect, the 'federal court must use the same law that a state court would employ in making such a determination.' " See Report and Recommendation, at 17, **Appendix Exhibit 11** (quoting *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206, 213 (D.R.I. 2002)). As explained in the next section, Rhode Island law precludes relitigation of the Principal Legal Rulings.

### B. Under Rhode Island Collateral Estoppel Law, Relitigation Of The Principal Legal Rulings Is Precluded

In *Wiggins v. State of Rhode Island*, 326 F. Supp. 2d 297 (D.R.I. 2004) (Smith, J.), the United States District Court for the District of Rhode Island recently precluded a plaintiff asserting a § 1983 claim from relitigating a prior ruling of the Rhode Island Traffic Court on an issue of mixed law and fact. In explaining Rhode Island collateral estoppel law, Judge Smith wrote:

> Collateral estoppel "is the doctrine which renders conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action." It requires: (1) an identity of issues; (2) a valid and final judgment on the merits; and (3) establishing that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action.

*Id.* at 303 (citations omitted).

As demonstrated below, each of these three requirements for invocation of collateral estoppel are satisfied herein.

**1. There is an identity of issues**

In the Rhode Island Supreme Court appeal, Plaintiffs sought a ruling that (i) the Amended Mechanics' Lien Law was either unconstitutional, and/or (ii) the Amended Mechanics' Lien Law could not be applied retroactively against Plaintiffs. However, the Rhode Island Supreme Court ruled against Plaintiffs on both of these legal issues.

In the instant matter, Plaintiffs seek a ruling that (i) the Amended Mechanics' Lien Law is either unconstitutional, and/or (ii) the Amended Mechanics' Lien Law can not be applied retroactively against Plaintiffs. Accordingly, there is an identity of issues.

**2. The Rhode Island Supreme Court made a valid and final judgment on the merits of the Principal Legal Rulings**

The Rhode Island Supreme Court's Principal Legal Rulings were valid, final and thoroughly unambiguous. With respect to the legal issue of whether the Amended Mechanics' Lien Law was constitutional, the Rhode Island Supreme Court ruled:

> Giving due consideration to all three prongs of the Mathews-Doehr balancing test, we conclude that the Mechanics' Lien Law, as amended by § 34-28-17.1, does not violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution or Article 1, Section 2 of the Rhode Island Constitution.

*Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 818, **Appendix Exhibit 8**.

With respect to the issue of whether the Amended Mechanics' Lien Law is to be applied retroactively to Gem's mechanics' lien, the Rhode Island Supreme Court ruled:

> Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal.

*Id.* at 802, **Appendix Exhibit 8**. See also *F.C.C. Inc. v. Reuter*, 867 A.2d at 822 (making note of its ruling in the Supreme Court Decision that the Amended Mechanics' Lien Law was to be applied retroactively).

While the Rhode Island Supreme Court remanded the case back to the Superior Court in order to address the substantive claims and defenses, the Supreme Court's Principal Legal Rulings were valid and final.

#### 3. The parties against whom collateral estoppel is asserted were parties to the prior state court action

The Principal Legal Rulings decided by the Rhode Island Supreme Court went against parties Robert V. Rossi and Linda A. Rossi. Parties Robert V. Rossi and Linda A. Rossi improperly seek to relitigate these Principal Legal Rulings in this Federal Court.

### C. The Rhode Island Supreme Court Provided Plaintiffs With A Full And Fair Opportunity To Litigate The Principal Legal Rulings

An exception to collateral estoppel exists where the party against whom collateral estoppel is sought did not have a "full and fair opportunity" in the prior forum to litigate the issues sought to be precluded.

Not only did the Rhode Island Supreme Court afford Plaintiffs a "full and fair opportunity" to litigate the issues comprising the Principal Legal Rulings, it actually ordered the parties to address the applicability of the amendment to the Mechanics' Lien Law to the pending action and the constitutional issues. See Supreme Court Order dated 9/16/2003, **Appendix Exhibit 5**. See also *infra* Part III, D.

### D. Collateral Estoppel Applies In Section 1983 Cases

In *Allen*, the United States Supreme Court held that a state court decision has preclusive effect in subsequent Federal Court § 1983 cases. See *Allen*, 449 U.S. at 103-04.

## III. Under Rhode Island Res Judicata Law, Relitigation Of Any Claim That Could Have Been Brought In The State Court Action Is Precluded

### A. Rhode Island Law Governs

"In determining whether a state court decision has a preclusive effect, the "federal court must use the same law that a state court would employ in making such a determination." See Report and Recommendation, at 17, **Appendix Exhibit 11** (quoting *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206, 213 (D.R.I. 2002)). As explained below, Rhode Island law precludes relitigation of any claim that was or could have been brought in the Plaintiffs' State Court Action.

### B. Res Judicata Defined

"*Res judicata* bars the relitigation of any issue that could have been litigated in a prior proceeding, even if the particular issue was not raised." *Ouimette v. State*, 785 A.2d 1132, 1138 (R.I. 2001) (emphasis added). "In order for *res judicata* to apply in a subsequent proceeding, four elements must be met: (1) identity of the parties; (2) identity of the issues; (3) identity of the claims for relief; and (4) finality of the judgment." *Id.* at 1138; see also Report and Recommendation, at 18, **Appendix Exhibit 11** (quoting *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 429 (1st Cir. 2005)).

### C. Res Judicata Bars The Plaintiffs' Claims In This Case

Because all four of the afore-mentioned elements are satisfied, Plaintiffs are barred from litigating in this Court any claim that was, or could have been brought, in the State Court Action.

#### 1. There is an identity of parties

The Rossis and Gem are the exact same parties in both the State Court Action and the instant case. Therefore, the same party element is satisfied.

**2. There is an identity of issues**

For the reasons discussed in Part II, B, 1 *infra*, there is an identity of issues.

**3. There is an identity of claims for relief because Plaintiffs could have asserted in the State Court Action each of the claims asserted in this Federal Court Action**

Presumbly, Plaintiffs will argue here, as they did in the First Federal Court Action, that as property owners they were prohibited from bringing any claims against Gem, the lien holder, in the state court mechanics' lien action. However, Magistrate Judge Martin disagreed with this position in the First Federal Court Action and found that "[t]his court is not persuaded that plaintiffs could not have asserted any claims in the Superior Court proceeding to enforce the lien." See Report and Recommendation, at 19-21, **Appendix Exhibit 11**.

Although Super. R. Civ. P. 81(a)(1) states that the Rules of Civil Procedure do not apply during the "process and pleading stages" of a petition to enforce a mechanics' lien, the Rhode Island Supreme Court has made it abundantly clear that counterclaims may be asserted by motion in Rhode Island mechanics' lien actions. See *Tilcon Gammino, Inc. v. Commercial Associates*, 570 A.2d 1102, 1107-08 (R.I. 1990) ("*Tilcon Gammino*"); *Roofing Concepts, Inc. v. Barry*, 559 A.2d 1059 (R.I. 1989) ("*Roofing Concepts*").[6] Indeed, the Supreme Court in *Roofing Concepts* rejected essentially the same procedural argument when a plaintiff asserted that Super. R. Civ. P. 81(a)(1) barred a defendant from impleading a third party into a mechanics' lien action:

> Although it is true that the mechanic's-lien law itself does not provide a mechanism for the impleading of third-parties in an action to enforce a mechanic's lien, neither the lien law nor the Rules of Civil Procedure, except for the limitations imposed by Rule 81, specifically preclude such a practice. See Super R. Civ. P. Rules 14(a), 81(a)(1), and § 34-28-16.

[6] It should be noted that while Super. R. Civ. P. 81 was amended in 1995, section (a)(1) remains the same as it was when *Roofing Concepts* and *Tilcon Gammino* were decided in 1989 and 1990, respectively. See Rhode Island Court Rules Annotated, 1988-1989 (Michie Company).

> Except as provided for by Rule 81(a)(1), which bars the application of the rules to the pleading and process stages of an action to enforce a mechanic's lien, the Rules of Civil Procedure "govern the procedure in the Superior Court of the State of Rhode Island in all suits of a civil nature whether cognizable as cases at law or in equity * * *." Rule 1. Under the rules a defendant may implead a third-party at any time, upon obtaining leave on motion to do so, if that party may be found liable to defendant for all or part of plaintiff's claim. Therefore, under our supervisory authority and our authority to devise a remedy when required, we find it appropriate and just that a party against whom a mechanic's lien is being enforced should be allowed to implead another party who is alleged to be wholly or partially responsible for the payment necessary to discharge the lien even though the mechanic's-lien law does not specifically provide for such impleader. **We believe it is most desirable that all parties involved in a dispute be before the court in the same action.** Accordingly we find that a defendant in a mechanic's-lien action may, after the pleading and process stages and after first obtaining leave on motion to do so, implead a third party who may be liable to the defendant for all or part of the plaintiff's claim. *See* Rule 14(a).

*Roofing* Concepts, 559 A.2d at 1062 (footnote omitted) (emphasis added).

Accordingly, based on *Tilcon Gammino, Roofing Concepts,* and Magistrate Judge Martin's Report and Recommendation, a defendant in a Rhode Island mechanics' lien action may assert a counterclaim with the Superior Court's authority, after motion thereon.

### 4. <u>**The Supreme Court Decision is the equivalent of a final judgment**</u>

"While litigation in the Superior Court between the Rossis and Gem may be ongoing, the decision in Gem Plumbing & Heating [the Supreme Court Decision] . . ., is a final decision on the merits and finality exists as to those matters resolved by it." See Report and Recommendation, at 22, <u>**Appendix Exhibit 11**</u>. The Supreme Court Decision is the equivalent of final judgment on the merits because any judgment that may subsequently be rendered in the Superior Court must be consistent with and premised on the Supreme Court Decision. Thus, there is finality of judgment for purposes of res judicata in this case.

Res judicata operates to bar the Plaintiffs' claims in this case because these claims could have been raised in the State Court Action between these same parties and involving the same issues that were finally decided by the Rhode Island Supreme Court. Therefore, this Court should preclude Plaintiffs from re-litigating these claims in this case under the doctrine of res judicata.

## IV. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Section 1983 of Title 28 of the United States Code provides a remedy for the deprivation of constitutional rights when that deprivation takes place under color of state law.[7] An actionable Section 1983 claim must allege facts sufficient to support a determination that (1) the conduct complained of has been committed by a person acting under "color of state law," and (2) that the alleged conduct caused a denial of rights secured by the Constitution or laws of the United States. See *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 998 (1st Cir. 1992). Plaintiffs' Complaint fails to allege sufficient facts to meet either of these elements under Section 1983.

### A. Plaintiffs Cannot Establish A Due Process Violation

It is well established that liability cannot be imposed pursuant to Section 1983 if there has been no unconstitutional due process violation. See *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d 45, 50 n.5 (1st Cir. 2000) (noting that complaint may be dismissed where procedures did not violate due process as a matter of law); *Porter v. Hartigan*, 201 F.3d 428 (1st Cir. 1999)

---

[7] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(per curiam) (defendants not liable under Section 1983 because the statute authorizing attachment had not been found unconstitutional). See also *Spielman-Fond, Inc. v. Hanson's, Inc.,* 379 F. Supp. 997 (Ariz. 1973) *aff'd mem.*, 417 U.S. 901 (1974) (affirming judgment dismissing Section 1983 claim based upon finding that the filing of a mechanics' lien did not violate due process.)

The Rhode Island Supreme Court held that (i) the Amended Mechanics' Lien Law was constitutional under the United States Constitution and the Rhode Island Constitution, and (ii) the Amended Mechanics' Lien Law applies retroactively to the Gem-Rossi dispute. Accordingly, based on principals of collateral estoppel and res judicata, Plaintiffs cannot credibly allege a constitutional deprivation establishing Section 1983 liability. See *Griffen v. State of Rhode Island*, 760 F.2d 359, 361 (1st Cir 1985) (applying res judicata principals to bar plaintiff from re-litigating issues decided by state court in the guise of a federal Section 1983 claim). See also *Rumford Pharmacy v. City of East Providence*, 970 F.2d at 999-1000; *Forbes v. Rhode Island Brotherhood of Correctional Officers*, 923 F. Supp. 315, 323 (D.R.I. 1996) (declining to reach "state action" issue where plaintiff failed to allege facts to support denial of constitutional rights.)

### B. Defendant's Conduct Did Not Constitute "Action Under Color Of State Law" Sufficient To Impose Liability Upon A Private Party

Neither Section 1983 nor the Fourteenth Amendment applies to private conduct. See *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 95 (1st Cir. 1990). Since Section 1983 is aimed at "state action" and state actors, persons allegedly victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress. See *Roche v. John Hancock Mutual Life Ins. Co.*, 81 F.3d 249, 253-54 (1st Cir. 1996) (citing to *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S. Ct. 183, 186-87 (1980)). Where, as here, the alleged tortious conduct is by a private

party, the "under color of state law" criterion can only be satisfied if "the party charged with the deprivation [is a] person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 102 S. Ct. 2744 (1982). A party's conduct is "fairly attributable" to the state when the party (1) is a state official, (2) has acted together with or obtained significant aid from state officials, or (3) his conduct is otherwise chargeable to the state. *Id.* at 936.

Here, Plaintiffs' Complaint alleges simply that "Defendant's actions, done under the color of state law, in utilizing the procedure set out by R.I. Gen. Laws § 34-28-1 et seq. (the Mechanics' Lien Statute) to acquire a lien on Plaintiffs' real estate caused Plaintiffs to be deprived of their funds in the amount of $35,860.00." See Complaint (05-299S), ¶ 29, **Appendix Exhibit 10**. This allegation is merely a legal conclusion which the Court should reject as insufficient for purposes of a motion for judgment on the pleadings. See *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d at 50 n.5 (citing to *New England Cleaning Servs., Inc. v. American Arbitration Assoc.*, 199 F.3d 542, 545 (1st Cir. 1999)). Consequently, this Court must review the facts alleged to determine whether action under color of state law exists to support a Section 1983 claim.[8]

The specific factual allegations in Plaintiffs' Complaint point only to three possible bases for a finding of action under color of state law:

---

[8] Defendant is mindful that the Rhode Island Supreme Court found "state action" for the purposes of analyzing the constitutional due process issues under the Amended Mechanics' Lien Law. See *Gem Plumbing & Heating Co. v. Rossi*, 867 A.2d at 808-09, **Appendix Exhibit 8**. However, Defendant submits that the Rhode Island Supreme Court did not address private party liability under Section 1983, such that this Court must determine whether Defendant acted "under color of state law" in the first instance. See *Lugar v. Edmondson Oil Co.*, 457 U.S. at 935 n.18 ("It does not follow from that that all conduct that satisfies the under-color-of-state-law requirement would satisfy the Fourteenth Amendment requirement of "state action". If action under color of state law means nothing more than that the individual act 'with the knowledge of and pursuant to that statute,' then clearly under *Flagg Brothers* that would not, in itself, satisfy the state-action requirement of the Fourteenth Amendment.")

(1) Defendant's recording and maintaining a lien on Plaintiffs' real estate constituted "action under color of state law;" see Complaint (05-299S), ¶¶ 12 and 16, **Appendix Exhibit 10**;

(2) Defendant's failure to comply with or invalid use of the mechanics' lien process constituted "action under color of state law;" see Complaint (05-299S), ¶¶ 13 and 30, **Appendix Exhibit 10**; and

(3) Defendant's filing of the petition with the Rhode Island Superior Court seeking to enforce the mechanics' lien constituted "action under color of state law." See Complaint (05-299S), ¶ 17, **Appendix Exhibit 10**.

As will be demonstrated below, assuming these allegations to be true, none of them rise to the level of "actions under color of state law" for purposes of Section 1983 liability and therefore judgment should be entered on the pleadings dismissing Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(c).

**1. Defendant's recording and maintaining of the lien on Plaintiffs' real estate is not sufficient to constitute "State Action"**

As refined by the United States Supreme Court in *Lugar v. Edmondson Oil Co.*, 457 U.S. at 927-928 n.6, joint action with a state official may support a section 1983 claim against a private party where there has been "overt official involvement." This District Court has held, based upon the reasoning of the United States Supreme Court in *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729 (1978), "it is clear that private party adherence to the law, or a state-tolerated disregard for the law, does not support a joint action or conspiracy claim sufficient to establish the 'under color of state law' element of 42 U.S.C. § 1983." *Patty v. New England Telephone & Telegraph Co.*, 745 F. Supp. 806, 812 (D.R.I. 1990).

Thus, the "state action" requirement may only be found in this case, based upon Plaintiffs' allegations, if the ministerial act by a clerk of recording a notice of mechanics' lien equates to "overt and significant assistance of state officials." *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 486, 108 S. Ct. 1340, 1345 (1988). See *Gonzales-Morales v. Hernandez-Arencibia,* 221 F.3d 45, 49 (1st Cir. 2000) (state actor component under Section 1983 requires that the party charged with the deprivation be fairly said to be a state actor).

The issue of whether the filing of a lien involves the joint participation of state government so as to give rise to "state action" supportive of a federal civil rights claim under Section 1983 was squarely addressed by the Tenth Circuit in *Cobb v. Saturn Land Company*, 966 F.2d 1334 (1982) ("*Cobb*"). The Court in *Cobb* found that the actions performed by the city clerk, accepting and recording the lien materials prepared by defendants and issuing filing notices to the plaintiffs, were not substantial enough to amount to "overt, significant assistance of state officials" and thus could not support a Section 1983 claim. *Id.* at 1337. Under the procedures governing the mechanics' lien law in Rhode Island, the actions of town clerks in recording the notice of a mechanics' liens are similarly ministerial and are insufficient to support a Section 1983 claim.

This conclusion is in line with cases involving other types of minimal or ministerial acts by state officials wherein the courts concluded that the "state action" requirement under Section 1983 was not met. *See, e.g., Jerry's Sport Center, Inc. v. Novick*, 448 A.2d 404 (N.H. 1982) (plaintiffs' mere use of court *lis pendens* forms and directions to the county clerk to record them did not amount to "state action"); *Gaskell v. Weir*, 10 F.3d 626 (9th Cir. 1993) (court clerk's actions in accepting and recording settlement documents was ministerial and lacked "state action"); *Hercules Chemical Company, Inc. v. VCI, Inc.*, 462 N.Y.S.2d 129 (Sup. Ct. 1983)

(filing of *lis pendens* did not constitute "state action" under federal law). Moreover, the mere recording of the notice of lien is in marked contrast to those cases where there was state assistance in the actual seizure of property. *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922.

Based upon the foregoing, Defendant's use of the Amended Mechanics' Lien Law, and filing of the notice of mechanics' lien did not constitute "state action" sufficient to impose liability under Section 1983. The failure to allege a factual basis for a finding of "state action" by a private party requires dismissal. See *Patty v. New England Telephone & Telegraph Co.*, 745 F. Supp. at 810-811.

### 2. **Defendant's alleged lack of compliance or improper use of the Mechanics' Lien Law would not constitute "State Action" under Section 1983**

Plaintiffs allege that Defendant did not comply with the procedures delineated in the Amended Mechanics' Lien Law. See Complaint (05-299S), ¶ 11, **Appendix Exhibit 10**. The sole basis for Plaintiffs' non-compliance allegations is that the notice of lien was signed by Robert Levine who allegedly lacked the requisite capacity and competence. Assuming for purposes of Rule 12(c) that these allegations are true[9], Plaintiffs' claims must be dismissed because such non-compliance would not be attributed to a state rule or a state decision and therefore would not rise to the level of "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 940. *See also Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d at 49, 51 (private misuse of a state statute does not describe conduct that can be attributed to the state.) Accordingly, if true, these allegations would only constitute "private action," insufficient to state a claim under Section 1983.

[9] If this matter survives Defendant's motion for judgment on the pleadings, Defendant will file a motion for summary judgment with an affidavit of Mr. Levine attesting to the fact that he was inside general counsel of Gem and an employee of Gem, and that he had the requisite capacity and competence to sign the notice of lien.

### 3. **Defendant's signing and filing of Gem's Superior Court Petition was not sufficient to constitute "State Action" under Section 1983**

Plaintiffs contend that Defendant's signing and filing of the Superior Court Petition to Enforce Mechanics' Lien constituted "state action." Something more than mere resort to the state courts is required to transform a Section 1983 defendant into a state actor. See *Casa Marie, Inc. v. Superior Court of Puerto Rico*, 988 F.2d 252, 258 (1st Cir. 1993). Participation by a private party in litigation, without more, does not constitute "state action," a necessary precondition to a Section 1983 claim. *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980) (citing to *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604 (1970)).

Consequently, Plaintiffs have failed to allege sufficient "state action" to support a Section 1983 claim, and therefore, Defendant's motion should be granted.

## C. Plaintiffs Failed To Allege Damages Resulting From The Alleged Deprivation Sufficient To Establish A Claim Under Section 1983

Assuming, *arguendo*, that Plaintiffs' allegations are deemed to be true, Plaintiffs have not alleged damages caused by the alleged due process violations sufficient to establish a claim under Section 1983. As set forth in Plaintiffs' Complaint, the mechanics' lien was discharged and released and substituted with funds that have been accruing interest in the Registry of Court. Unavailability of funds, without more, does not establish a basis for an award of compensatory damages. See *Amico v. Morris*, 2004 WL 2075574 *5 (R.I. Super. 2004) (Lanphear, J.) (ruling that plaintiff who had mechanics' lien discharged by depositing funds in the court registry did not sustain any injury in fact as a result of the lien.)

Moreover, the possibility that these funds will be returned in whole or in part after the validity of the lien is adjudicated on its substantive merits belies any contention that there are no adequate remedies under state law necessary to support a claim for damages under Section 1983.

See *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 999-1000 (1st Cir. 1992) (dismissing Section 1983 claims where plaintiff could not allege the unavailability of adequate state remedies.)

A further safeguard protecting Plaintiffs from damage which might have been caused by the deposit of their funds with the Registry of Court as a lien substitute is the fact that all funds deposited with the Registry of Court accrue interest.

To the extent that Plaintiffs' Complaint alleges that Defendant's actions have caused an unconstitutional "taking" of their property, the Rhode Island Supreme Court noted in *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 808-09, **Appendix Exhibit 8**, the facts of this case invoke constitutional due process which is different from a "taking" which only addresses protection from the *government's* taking of private property for public use. Consequentially, there is clearly no basis for Plaintiffs to seek damages from the Defendant for unconstitutional "taking" of their property. *See, e.g., Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922).

## V. THE DISTRICT COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN FROM DECIDING PLAINTIFFS' CLAIMS

Federal courts have long recognized principles of comity with state courts and respect for state functions, such that the state courts should be afforded the opportunity to perform their duty to review the constitutionality of state statutes under federal law. This principle of comity requires:

> [A] proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746 (1971). A number of abstention doctrines have been developed by federal courts to resolve cases implicating concurrent jurisdiction considerations. See *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17, 116 S. Ct. 1712 (1996) (listing the several types of abstention). If this Court finds that abstention is warranted under any of one of these doctrines, this Court should abstain from accepting jurisdiction of the Plaintiffs' claims.

**A. Younger Abstention**

The *Younger* abstention doctrine is grounded in notions of comity, that the state courts, in certain circumstances, should not be interfered with. Thus, if a pending "state action" involves an important state interest, and the state forum provides the opportunity to litigate the related federal constitutional issues, then federal courts should abstain from making decisions affecting the pending action. See *Younger v. Harris*, 401 U.S. at 44. *Younger* has been extended to civil cases in those situations which impact the fundamental workings of a state's judicial system. See *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 70-71 (1st Cir. 2005) (citing cases).

This Court should decline to accept jurisdiction on "Younger Abstention" grounds because (i) the interpretation of the Amended Mechanics' Lien Law and the issue of whether the amended statute should be applied retroactively to prior-recorded mechanics' liens in Rhode Island invoke important state interests; and (ii) under *Tilcon Gammino*, 570 A.2d at 1107-08 and *Roofing Concepts,* 559 A.2d at 1062, Plaintiffs may request the Superior Court's authority to file a counterclaim in a mechanics' lien action.

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from jurisdiction where there is a pending state action, there is an important state interest, and the state forum provides the litigants with a full and fair opportunity to litigate their claims.

For reasons of judicial economy and to avoid endless litigation arising out of the same set of facts, claim-splitting is disfavored and generally precluded. See 18 James W. Moore, *Moore's Federal Practice* §§ 133.51, 133.52 (3d ed. 2005). A plaintiff who can bring both state claims and federal civil rights claims in the same forum must do so, and claim-splitting is as disfavored in the civil rights context as elsewhere. *Id.*; *Davis v. Chicago*, 53 F.3d 801, 802 (7th Cir. 1995); *Allen v. McCurry*, 449 U.S. 90, 101 (1984).

In this case, Plaintiffs' attempt to assert § 1983 claims and slander of title claims against Defendant is classic claim-splitting. Having chosen not to assert either the § 1983 cause of action or the slander of title cause of action in the State Court Action, Plaintiffs now seek to assert those causes of action in Federal Court for the first time.

Moreover, the allegations comprising the basis for Plaintiffs' § 1983 and slander of title claims are the exact same allegations previously asserted by Plaintiffs in the State Court Action. As the Rhode Island Supreme Court stated in *ElGabri v. Lekas*, 681 A.2d 271 (1996), "the foundations upon which (plaintiff's) state and federal lawsuits were constructed necessarily rely upon the same bricks and mortar."

Assuming Plaintiffs argue, as they did in the First Federal Court Action, that as property owners they were prohibited from brining any claims against Gem, the lien holder, in the State Court Action, that argument must fail for the reasons set forth *infra* Part III, D. Thus, Plaintiffs have had a full and fair opportunity to litigate their claims.

The Rhode Island Supreme Court decided that the Amended Mechanics' Lien Law should be applied retroactively to all mechanics' liens that were recorded as of the effective date of the amendment. This ruling is binding on the Superior Court. The Rhode Island Supreme Court was best-positioned to make that judgment because the retroactivity of a newly-enacted state statute is guided by state principles. See *Maturi v. McLaughlin Research Corp.*, 326 F. Supp. 2d 313 n.7 (R.I. 2004)(Smith, J.)("Rhode Island's retroactivity principles, not those of federal law, dictate whether [a Rhode Island statute] should be given retroactive effect."). Comity would be ill-served by having a federal court decide whether the Rhode Island Supreme Court interpreted Rhode Island law on retroactivity appropriately.

Moreover, a contrary ruling by this Court could cause disarray. For example, in such event, should the Superior Court release the funds held in Registry of Court per a federal court order or should it await decision of the Rhode Island Superior Court on the substantive issues? What if there were contrary decisions between the Rhode Island and Federal Courts? These are the exact types of conflicts that *Younger* abstention was meant, and should be employed, to avoid. Accordingly, this Court should abstain from accepting jurisdiction herein.

**B. *Colorado River* Abstention**

A second doctrine upon which abstention may be predicated in the instant case is *Colorado River* abstention as formulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-20, 96 S. Ct. 1236 (1976). Courts have considered the following factors in determining the applicability of abstention under *Colorado River*: (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the

adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. See *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005) (citations omitted). *Colorado River* has special appeal where a state court decision "may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones." *Currie v. Group Insurance Comm'n,* 290 F.3d 1 (1st Cir. 2002).

In this case, the state court system has assumed jurisdiction over a res, monies currently deposited in the Registry of Court. The State Court Action was filed first and has proceeded through the state's judicial system. As to the other factors, it is apparent from the arguments previously made herein that they all point toward abstention. The fact that this federal action was pursued as a reaction to a pending and ultimately adverse state court action weighs heavily in favor of abstention. See *Cruz v. Melecio*, 204 F.3d 14, 23-24 (1st Cir. 2000); see also See Report and Recommendation, at 33-34, **Appendix Exhibit 11**.

### C. *Pullman* Abstention

Finally, the *Pullman* abstention doctrine, as articulated by the Supreme Court in *R.R. Comm'n v. Pullman, Co.*, 312 U.S. 496, 61 S. Ct. 643 (1941), counsels that abstention is appropriate where a federal constitutional claim is premised on an unsettled question of state law in order to provide the state courts an opportunity to settle the underlying state law question and to avoid the possibility of unnecessarily deciding a constitutional question.

Here, Plaintiffs have alleged that the state mechanics' lien procedures were not followed by the Defendant. These issues have been raised by the Rossis in the case that has been remanded to the Superior Court and were not ruled upon by the Rhode Island Supreme Court in

the Supreme Court Decision. Comity demands that the Rhode Island State Court, rather than the United States District Court, is the appropriate forum to decide these unique state law issues. Accordingly, the District Court should abstain from adjudicating Plaintiffs' Complaint.

## VI. THE DISTRICT COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

In a federal-question case such as this, the dismissal of the primary federal claim does not divest the district court of the power to exercise supplemental jurisdiction over the remaining state law claims but, rather, sets the stage for the exercise of the court's informed discretion. See 28 U.S.C. § 1367(c)(3). In deciding whether or not to retain jurisdiction on such an occasion, the district court must take into account concerns of comity, judicial economy, convenience, fairness and the like. See *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614 (U.S. 1988); *Che v. Massachusetts Bay Transp. Authority*, 342 F.3d 31, 37 (1st Cir. 2003).

Dismissal of the state law claims is particularly appropriate if the federal-question claim is eliminated early in the proceedings. See *Martinez v. Cohen*, 54 F.3d 980, 990 (1st Cir.), *cert. denied*, 516 U.S. 987, 116 S. Ct. 515 (1995); *Brennan v. Henrigan*, 888 F.2d 189, 196 (1st Cir. 1989); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Clearly, dismissal of Plaintiffs' federal claims in the context of a motion for judgment on the pleadings militates in favor of dismissing Plaintiffs' state law slander of title claim as well. See Report and Recommendation, at 35-36, **Appendix Exhibit 11**.

Furthermore, until the merits of the underlying lien have been resolved as a matter of state law, Plaintiffs' slander of title of claim is not ripe and must be dismissed. See *Peckham v. Hirschfeld*, 570 A.2d 663, 668 (R.I. 1990) (holding that plaintiff could not bring a slander of title

claim until the recorded document was found to be false); *Montecalvo v. Mandarelli,* 682 A.2d 918, 923 (R.I. 1996) (necessary element of slander of title claim is a false statement recorded in the land records.). See also Report and Recommendation, at 36, **Appendix Exhibit 11**.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that this Court enter judgment in its favor dismissing all of Plaintiffs' claims or, alternatively, abstain from accepting jurisdiction and decline supplemental jurisdiction.[10]

GEM PLUMBING & HEATING CO., INC.
Defendant,
By its Attorneys,

Theodore Orson, Esq. # 3871
Stephen J. Brouillard, Esq. # 6284
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
Tel. (401) 223-2100
Fax (401) 861-3103
Dated: 2-17-06

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2006, I caused a copy of the within to be served by first class mail, postage prepaid, on the following counsel of record:

Patrick Dougherty, Esq.
155 South Main Street, Suite 304
Providence, RI 02903

[10] In the event Defendant prevails herein, Defendant reserves his right to seek attorneys' fees under 42 U.S.C. § 1988.