UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                )
ROBERT V. ROSSI and             )
LINDA A. ROSSI,                 )
                                )
            Plaintiffs,         )
                                )
v.                              )    C.A. No. 05-299S
                                )
GEM PLUMBING AND HEATING CO., INC.,)
                                )
            Defendant.          )
_____)
```

## DECISION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, or in the Alternative, to Abstain. Oral argument was heard on April 25, 2006.

Defendant's seek judgment on the pleadings on three grounds: (1) the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over the Plaintiffs' claims; (2) the doctrines of res judicata and collateral estoppel bar Plaintiffs' claims; and (3) Plaintiffs fail to state a claim on which relief may be granted. In the alternative, Defendant contends that under the abstention doctrines of Younger, Colorado River, and Pullman, this Court should abstain from accepting jurisdiction over the federal claim and further decline to accept jurisdiction over the state law claim.[1]  In response, Plaintiffs contend that (1) Defendant

---

[1] In footnote 10 of his memorandum, Defendant reserved "his right to seek attorneys' fees under 42 U.S.C. § 1988." An award of attorneys' fees under this statute is within this Court's discretion; at present, nothing in the record would compel this Court to grant such fees.

misconstrues the Rhode Island Supreme Court's decision in <u>Gem Plumbing & Heating Co., Inc. v. Rossi</u>, 867 A.2d 796 (R.I. 2005); (2) their claims are not barred by <u>Rooker-Feldman</u>, collateral estoppel, or res judicata; (3) their Complaint states claims upon which relief may be granted; and (4) this Court should neither abstain nor decline to accept supplemental jurisdiction over their state law claim.

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." <u>Pasdon v. City of Peabody</u>, 417 F.3d 225, 226 (1st Cir. 2005). This Court "must accept all of the nonmovant's well-pleaded factual averments as true . . . and draw all reasonable inferences in his favor." <u>Rivera-Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988) (internal citations omitted).

This Court analyzed all of the legal and factual issues presented in the pending Motion when conducting a de novo review of a Report and Recommendation ("R&R") issued on January 13, 2006, by United States Magistrate Judge David L. Martin, in another case on this Court's docket: <u>Rossi v. Gemma</u>, C.A. No 05-32. Both cases arise from the same facts and circumstances. All arguments made by Defendant in the pending Motion were asserted by Defendants in the other case and Plaintiffs' objection here contains the same

2

arguments pressed in the other case. In addition, the same standard of review governs the motions in both cases.

All of the arguments made in conjunction with the pending Motion were addressed by the aforementioned R&R and this Court's de novo review of Plaintiffs' Objection to that R&R. This Court found the thorough and well reasoned analysis in Judge Martin's R&R was supported by the factual record and applicable law. Repeating that analysis here would be unnecessarily duplicative.

Therefore, consistent with this Court's adoption of the R&R, Plaintiffs' federal law claim is barred by res judicata and collateral estoppel. Plaintiffs cannot establish a § 1983 claim because they are precluded from relitigating the issue of whether Defendant's conduct violated their constitutional rights; and principles governing the abstention doctrine and the exercise of supplemental jurisdiction favor dismissal of Plaintiffs' state law claim. Accordingly, Defendant's Motion for Judgment on the Pleadings, or in the Alternative, to Abstain is GRANTED and this matter is DISMISSED.

ENTER:

_/s/ William E. Smith_
William E. Smith
United States District Judge
Date: 6/5/06